IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LANCE CEE MORGAN, #2073620,** § | |
| Petitioner, § | |
| § | |
| v. § | **CIVIL CASE NO. 3:17-CV-2329-L-BK** |
| § | |
| **LORIE DAVIS,** Director § | |
| **TDCJ-CID,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this action was referred to the United States Magistrate Judge. On September 1, 2017, Petitioner filed a *pro se* federal petition for writ of habeas corpus under 28 U.S.C. § 2254. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**I. BACKGROUND**

On June 13, 2016, Petitioner pled guilty to online solicitation of a minor (Count 1) and criminal solicitation of a minor (Count 2), and was sentenced to nine years' imprisonment. *See State v. Morgan*, No. F49727 (413th Jud. Dist. Ct., Johnson Cty., Tex. June 13, 2016); Doc. 3 at 2; Doc. 6 at 11(*Judgments*). He now claims that his conviction of Count 1 was unconstitutional, and that there was no evidence to support his conviction of Count 2. Doc. 3 at 6. However, Petitioner did not file a direct appeal, Doc. 3 at 3, and while he indicates he filed a state habeas application on July 13, 2016, Doc. 6 at 1, he appears to be referring to the *Motion for New* Trial filed on that date and denied by the trial court on August 27, 2016, Doc. 6 at 3.

## II. ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims.  *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  Exhaustion of state-court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement.  A review of his petition and a search of the state courts' docket sheets (available online) confirms that he filed neither a direct appeal nor a state habeas application challenging his conviction.  Therefore, the Texas Court of Criminal Appeals has not had an opportunity to consider Petitioner's claims and, consequently, they remain unexhausted.[1]

## III. RECOMMENDATION

---

[1] The Johnson County and Texas Court of Criminal Appeals docket sheets are available respectively at https://pa.johnsoncountytx.org/PublicAccess/Search.aspx?ID=100, and at http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last visited Dec. 4, 2017).  In an abundance of caution, the Court also confirmed telephonically with the Johnson County District Clerk's Office that Petitioner had not filed a state habeas application in the trial court.

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254 (b) and (c).[2]

**SIGNED** January 31, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The 1996 amendments to the habeas corpus statute impose a one year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2254(d), which is applicable to this petition as well as to any other petition that Petitioner may file in this court.